# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CR-00293-FDW-DCK

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v. | )<br>) **ORDER** |
| SERGIO JERMAINE PATTERSON, | )<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on Defendant's Motion for Immediate Release, (Doc. No. 43), and Motion for Return of Property, (Doc. No. 44). For the reasons set forth below, Defendant's Motions are DENIED WITHOUT PREJUDICE.

Defendant, who this Court sentenced on August 28, 2024, seeks his immediate release from custody based on his calculation of his time-served. (Doc. No. 43, p. 1.) He also complains that it has taken custodial authorities too long to transport him to the Bureau of Prisons.[1] Id.

It is well-settled that the Bureau of Prisons, on behalf of the Attorney General, is responsible for calculating federal terms of imprisonment, including computation of the amount of time-served credit due after the Bureau takes custody of the Defendant post-sentencing. United States v. Wilson, 503 U.S. 329, 331, 334–45 (1992). Defendant believes a proper calculation of his sentence would result in his immediate release. (Doc. No. 43.) However, this Court is not the proper forum for her claim. As the Fourth Circuit has explained, "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself. Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court." United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); see also

---

[1] The Court notes Defendant has now been transported to FCI Coleman. See Bureau of Prisons, www.bop.gov/inmateloc (last visited Dec. 20, 2024).

Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015). Defendant is incarcerated at FCI Coleman in Florida, which is not within this District.

In Defendant's Motion for Return of Property, he seeks a red iPhone XR that he represents was seized during his interview process. (Doc. No. 44.) There has been no forfeiture Order in this case. However, in Defendant's plea agreement, he agreed to forfeit all assets seized during this investigation and to abandon his interests in any seized assets not forfeited. (Doc. No. 9, p. 2.) Defendant's Motion also does not indicate the position of the United States with respect to this Motion, as required under Local Criminal Rule 47.1(b). Loc. Cr. R. 47.1(b). Accordingly, the Motion will be denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Immediate Release, (Doc. No. 43), is DENIED WITHOUT PREJUDICE to being raised in the appropriate District.

**IT IS FURTHER ORDERED** that Defendant's Motion for Return of Property, (Doc. No. 44), is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Signed: December 20, 2024

Frank D. Whitney
Senior United States District Judge